UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JONATHON S. BROWN**                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:25-CV-P76-JHM**

**JODIE PHELPS** *al.*                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action without prejudice and with leave to file an amended complaint.

**I.**

Plaintiff Jonathon S. Brown is incarcerated as a convicted prisoner at Christian County Jail (CCJ). Plaintiff sues 3C Healthcare; 3C Healthcare Nurse Jodie Phelps in her official and individual capacities; and CCJ Jailer Adam Smith in his official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On March 29 at or around 6 P.M. in cell 992 I was assaulted by 2 inmates. My jaw was broken and I was stabbed in my neck with a weapon. I notified staff and asked them to take me to the E.R. I was given 2 tylenol and ice pack and escorted to cell 901. I could not open my mouth and my neck was swollen from puncture wound. Again, I asked staff to take me to the hospital. For the next 8 days I told staff everyday that I needed to go to the hospital. Finally I was given an x-ray at CCJ. I flied grievance on 3-31-25 and 4-7-25. Still no relief. 12 days later I was taken to oral doctor. She ordered a cat-scan. CCJ missed my appointment. 20 days later I had cat-scan on the 17 day of April. I filed another grievance. 28 days after cat scan more than 6 wks later I was finally transported to oral doctor. Doctor Lauren Braden informed me that my jaw was indeed broke and I that I still have a piece of graphite in my neck. [She] informs me that in order to have that object removed, I would have to have surgery. [She] also stated to me that the way I was treated was inhumane and unprofessional. The fact that the CCJ staff had a total disregard for my well-being and safety. Also due to [this incident], the entire nursing staff was written up by their supervisor. . . .

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a

pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, the Court construes the complaint as asserting Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs.

#### A. Christian County/Official-Capacity Claim

Plaintiff's official-capacity claim against CCJ Jailer Adam Smith is actually against his employer Christian County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or county and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the

municipality or county under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations do not show that he suffered any constitutional injury due to a policy or custom of Christian County. Instead, Plaintiff alleges circumstances that affected him only. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant Smith/Christian County for failure to state a claim upon which relief may be granted.

### B. 3C Medical Care/Official-Capacity Claim

For the reason explained above, Plaintiff's official-capacity claim against Nurse Jodie Phelps is actually against her employer, 3C Medical Care. 3C Medical Care is ostensibly the entity that contracts with Christian County to provide medical care to inmates at CCJ. The same analysis that applies to a § 1983 claim against a municipality or county applies to a § 1983 claim against a privately contracted entity such as 3C Medical Care. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Thus, the liability of a contracted private entity must be based on a policy or custom of the entity. *Id.*; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

Here, Plaintiff's allegations do not show that he suffered any constitutional injury due to a policy or custom of 3C Medical Care. As stated above, the circumstances affected only him. Moreover, his allegation that a 3C Medical Care supervisor disciplined the nurses involved in Plaintiff's medical care at CCJ cuts against any argument that a 3C Medical Care custom or policy caused him to suffer a constitutional injury. Thus, the Court will dismiss Plaintiff's claim against 3C Medical Care and his official-capacity against Nurse Phelps for failure to state a claim upon which relief may be granted.

### C. Individual-Capacity Claims

The complaint contains no allegations against Defendant Smith or Phelps. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyward v. Cooper*, 88 F.4th 648, 661 (6th Cir. 2023) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (italics in original). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Moreover, to the extent that Plaintiff seeks to hold Defendant Smith liable in his individual capacity based on his role as the CCJ Jailer, supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Thus, because the complaint contains no allegations that either Defendant Smith or Defendant Phelps was personally involved in the alleged violation of Plaintiff's constitutional

rights, Plaintiff's individual-capacity claims against them must also be dismissed for failure to state a claim upon which relief may be granted.

### D. Amended Complaint

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave to Plaintiff to file an amended complaint. If Plaintiff decides to file an amended complaint, he should identify the specific CCJ officers and/or 3C Medical Care nurses who he alleges violated his constitutional rights, name those individuals as Defendants, sue those Defendants in their individual capacities, and state specifically how each allegedly violated his constitutional rights. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to amend the complaint.

**IT IS ORDERED** that any amended complaint must be filed no later than **July 24, 2025**.

The **Clerk of Court is DIRECTED** to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

Date: June 24, 2025

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011